```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America

    v.                              Case No. 2:05-cr-111

Richard Newland

<u>ORDER</u>

This matter is before the court on the defendant's motion to suppress evidence.  An evidentiary hearing was held on April 24, 2006.  The facts are basically undisputed.

In August of 2004, Officer Robert Voss of the Columbus Police Department received information from an informant that defendant Richard Newland, the owner of a barbeque restaurant at the intersection of Hudson and Joyce, was involved in the trafficking of drugs and firearms out of his business.  On September 3, 2004, Officer Voss went to that location to do a business check, and observed a person meeting the description he had received of the defendant sitting at a table outside the restaurant.  Defendant identified himself as the owner of the business, and Officer Voss told defendant to let him know if defendant ever had difficulty with abandoned vehicles on his parking lot.  Defendant identified the green Ford Taurus on the lot as being his vehicle.  This matched the previous description which Officer Voss had received concerning the defendant's vehicle.  Officer Voss did a background check on the defendant, and found a photograph of the defendant in the police records.  Officer Voss noted that there were no pending warrants on the defendant, but that his driver's license had been suspended.

On September 10, 2004, at approximately 11:00 p.m., Officer Voss was on patrol with his partner, Officer Jack Adkins, traveling

east on Hudson. Officer Voss observed the green vehicle, with the trunk open, in the parking lot of defendant's restaurant. He saw defendant carry an object Officer Voss could not identify to the car and place it in the trunk. Officer Voss radioed to Officers Smith Weir and Peter (Tony) Pappas for backup. Officer Voss pulled into the parking lot of a nearby grocery store and got out of his cruiser to watch defendant's activities. The defendant closed the trunk, got in the driver's seat and drove off.

Officers Pappas and Smith were in the area on patrol when they received the request from Officer Voss to make a traffic stop. Officer Pappas observed defendant's vehicle proceeding north on Joyce, and he pulled defendant's vehicle over at Joyce and Minnesota. He confirmed that defendant's driver's license had been suspended. Officer Pappas approached defendant's vehicle on the driver's side, while Officer Weir approached the passenger side. Looking into the vehicle, Officer Pappas observed a blue duffel bag located in plain view next to defendant between the driver's seat and the passenger's seat. Officer Pappas asked to see a driver's license. Defendant gave him a social security card, but could not produce a driver's license. Officer Pappas verified that the social security number given to him matched the defendant's social security number. He decided to arrest defendant for driving without a license, an arrestable offense, and asked defendant to step out of the car. Instead, defendant drove off, passing close to Officer Pappas, and proceeded north on Joyce Avenue.

Defendant turned east on Aberdeen, north on Parkwood, and west into an alley. He stopped the car and ran from the vehicle. Officer Pappas followed defendant while Officer Weir remained with

2

the vehicle.  Defendant ran south, jumped a fence, went across Aberdeen and around some houses, then proceeded north across Aberdeen, where he was stopped by Officers Voss and Adkins. Defendant was placed under arrest.  Officer Pappas looked in the defendant's vehicle and observed that the blue bag was no longer in the car.  Since Officer Pappas had observed that defendant had nothing in his hands when he left the car, Officer Pappas retraced the route driven by the defendant.  He determined that there was only one location during the vehicle pursuit of the defendant where defendant would have had the opportunity to throw something from the vehicle unobserved, that being the intersection of Aberdeen and Joyce.  At that location, Officer Pappas found a blue bag about fifteen feet from the street on the north side of the street, which would have been on the defendant's side of the vehicle as he was driving past that location.  The bag was the same size, shape and color as the bag Officer Pappas observed in the car; it appeared to be the same bag.  Less than a minute passed between the time that the defendant drove away from the traffic stop and the time he exited the car in the alley.  Two handguns were found in the bag.

The officers decided to impound the vehicle driven by the defendant. Officer Pappas testified that under standard procedure, vehicles were usually impounded when the driver was driving without a license, and were always impounded when the suspect flees.  The vehicle was titled in the name of Alexandra Jones.  An adult female passenger and two small children were in the vehicle at the time the vehicle was stopped.  Although there is no clear testimony that this female was in fact Alexandra Jones, since Officer Pappas testified that he did not recall her name, he did state that he

3

recalled her being the owner of the vehicle.

Officer Weir conducted the inventory search of the vehicle. He began his search in the passenger compartment of the vehicle. He found an envelope containing checks and cash. He also found two cellophane bags containing suspected marijuana in the glove compartment. He then searched the trunk of the vehicle and found a large black garbage bag containing marijuana, a back pack containing defendant's driver's license and more marijuana, and another bag containing plastic bags and drug paraphernalia.

Defendant does not contest the search of the blue duffel bag. He agrees that the officers had the right to search the bag as abandoned property. See United States v. Robinson, 390 F.3d 853, 873-74 (6th Cir. 2004)(Fourth Amendment is not violated through the search or seizure of abandoned property).

He also did not argue at the evidentiary hearing that the stop of his vehicle and his arrest were invalid. It is well established that a police officer can stop a vehicle when he has probable cause to believe that a traffic violation has occurred, regardless of whether the officers also had other subjective or investigatory motives for the stop. See Whren v. United States, 517 U.S. 806, 812-13 (1996); Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977); United States v. Burton, 334 F.3d 514 (6th Cir. 2003); United States v. Ferguson, 8 F.3d 385, 391 (6th Cir. 1993). Here, the officers had probable cause to believe that defendant's driver's license had been suspended and that he was driving illegally. This was an offense for which the officers had the authority to arrest the defendant. The stop of defendant's vehicle was valid. Defendant committed another offense when he fled the scene of the stop,

driving his vehicle close to one of the officers in his effort to get away.  Defendant's arrest was based on probable cause, and was valid.

Defendant also does not contest the search of the passenger compartment of the vehicle, conceding that it was a valid search pursuant to his arrest.  A police officer may search the passenger compartment of an automobile incident to the lawful custodial arrest of the occupant of the vehicle, without a warrant or probable cause, even if the arrestee is no longer in the car at the time of the search.  United States v. Harvey, 16 F.3d 109, 112 (6th Cir. 1994); United States v. Lewis, 3 F.3d 252, 254 (6th Cir. 1993); United States v. Mans, 999 F.2d 966, 968-69 (6th Cir. 1993).  Here, the search of the passenger compartment was a valid search pursuant to defendant's arrest.

Defendant does object to the search of the vehicle's trunk, arguing that the government has not shown that the search was a valid inventory search.  It is well established that law enforcement officers may make a warrantless search of a legitimately seized vehicle provided the inventory is conducted according to standardized criteria or established routine.  United States v. Hurst, 228 F.3d 751, 758 (6th Cir. 2000).  Inventory searches are a well-defined exception to the warrant requirement of the Fourth Amendment.  See Colorado v. Bertine, 479 U.S. 367, 371 (1987); South Dakota v. Opperman, 428 U.S. 364, 367-76 (1976).  An inventory search may be "reasonable" under the Fourth Amendment even though it is not conducted pursuant to a warrant based upon probable cause.  Bertine, 479 U.S. at 371.  Inventory searches "serve to protect an owner's property while it is in the custody of

5

the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." Id. at 372. An inventory search may not be conducted for purposes of investigation and must be conducted according to standard police procedures. Florida v. Wells, 495 U.S. 1, 5 (1990); United States v. Lumpkin, 159 F.3d 983, 987 (6th Cir. 1998). However, the fact that an officer suspects that contraband may be found does not defeat an otherwise proper inventory search. Lumpkin, 159 F.3d at 987; Lewis, 3 F.3d at 254.

Defendant argues that the evidence is insufficient in this case to show that the inventory was conducted pursuant to an established procedure. However, Officer Pappas testified that it was standard departmental procedure to always impound a vehicle when the suspect flees the scene. Officer Weir testified that he completed the necessary inventory form and recorded items found in the vehicle. Since Officer Voss had observed defendant place an object in the trunk of the vehicle, the officers had reason to believe that property would be located in the trunk which should be included on the inventory form.

Defendant also argues that the vehicle should not have been impounded, but instead should have been turned over to the adult female in the vehicle. Even assuming that this individual was Alexandra Jones, the person in whose name the car was titled, no evidence was presented that she held a valid driver's license at the time. In addition, the officers had conflicting information concerning the ownership of the vehicle, since defendant had previously stated to Officer Voss that he was the owner. In any event, as indicated above, there is unrefuted evidence that it is

6

standard policy to impound the vehicle in every case where the suspect flees the vehicle, and the officers followed that standard procedure in this case. See United States v. Harris, 50 F.3d 11 (table), 1995 WL 111465 at *2 (6th Cir. 1995)(rejecting defendant's argument that officer should have pursued other alternatives such as having passengers or defendant's family members move the vehicle prior to impounding it, noting that officer acted under police policy in impounding the vehicle). The fact that another driver may have been available to assume custody of the car did not render the inventory search in this case invalid.

The facts in evidence also demonstrate that the search of the trunk of the vehicle was valid under the theories of abandonment and the automobile exception to the Fourth Amendment's warrant requirement.[1] The Sixth Circuit has held that a person abandons any expectation of privacy in an item when he discards the item while running from the police. United States v. Collis, 766 F.2d 219, 222 (6th Cir. 1985). In Harris, 1995 WL 111465 at *2, the Sixth Circuit held that the defendant lacked standing to challenge the validity of the search of his vehicle when he left the car and ran, thereby abandoning any expectation of privacy in the car. Here, defendant abandoned any expectation of privacy in the car when he exited the car at the alley and fled from the officers.

The search of the trunk is also justified under the automobile exception. Under the automobile exception to the warrant

---

[1] The government did not specifically argue these theories at the suppression hearing. However, the application of these theories is amply supported by the evidence adduced at the evidentiary hearing on defendant's motion to suppress, where both parties had a full and fair opportunity to elicit the facts surrounding the search of the vehicle. Therefore, the court will also address these theories.

requirement, law enforcement officers may search a readily mobile vehicle without a warrant if they have probable cause to believe that the vehicle contains evidence of a crime.  <u>Pennsylvania v. Labron</u>, 518 U.S. 938, 940 (1996); <u>United States v. Ross</u>, 456 U.S. 798, 799 (1982); <u>United States v. Graham</u>, 275 F.3d 490, 510 (6th Cir. 2001)(vehicle may be searched, without any indication of exigency, if the searching officers have probable cause to believe that it contains instrumentalities or evidence of a crime); <u>Smith v. Thornburg</u>, 136 F.3d 1070, 1074 (6th Cir. 1998).  Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place.  <u>Smith</u>, 136 F.3d at 1074.  Where officers have probable cause to believe that a car contains evidence of illegal drug trafficking, they have the right to search the entire car, including a locked trunk.  <u>Lumpkin</u>, 159 F.3d at 986-87.

   Shortly before the traffic stop in this case, Officer Voss had received information from an informant that defendant was engaged in trafficking in drugs and firearms at his business.  On the night in question, Officer Voss observed defendant place an object in the trunk of a car parked at defendant's business.  Defendant could not produce a driver's license during the traffic stop, and he attempted to avoid arrest by fleeing from the officers, both in the car and on foot.  During the traffic stop, Officer Pappas observed a blue duffel bag next to defendant in the vehicle.  A bag which appeared to be identical was later found along the defendant's route of travel while he was fleeing from the police.  Two handguns were found in the bag.  A search of the passenger compartment of the vehicle yielded cash and bags of marijuana.  Based on these

8

observations, the officers had probable cause to believe that the vehicle contained drugs or other evidence of drug trafficking. The search of the trunk of the vehicle was therefore a valid search supported by probable cause under the automobile exception to the warrant requirement.

In accordance with the foregoing, the court finds that the evidence in this case was validly obtained, and the defendant's motion to suppress evidence is denied.

Date: April 25, 2006                     s\James L. Graham
                                    James L. Graham
                                    United States District Judge